# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>   v.<br><br>JAMES SPICK,<br>[DOB: 04/30/1965]<br><br>                Defendant. | No. _____<br><br>**COUNT ONE:**<br>*(Conspiracy to Commit Interstate Transportation of Stolen Property)*<br>18 U.S.C. § 371<br>NMT: 5 Years' Imprisonment<br>NMT: $250,000 Fine<br>NMT: 3 Years' Supervised Release<br>Class D Felony<br><br>**COUNTS TWO – TWENTY-SIX:**<br>*(Interstate Transportation of Stolen Property)*<br>18 U.S.C. §§ 2314 and 2<br>NMT:  10 Years' Imprisonment<br>NMT:  $250,000 Fine<br>NMT:  3 Years' Supervised Release<br>Class C Felony<br><br>**FORFEITURE ALLEGATION:**<br>18 U.S.C. § 981(a)(1)(C)<br>28 U.S.C. § 2461(c)<br><br>$100 Mandatory Special Assessment on Each Count<br><br>Restitution May Be Ordered |

# I N D I C T M E N T

THE GRAND JURY CHARGES THAT:

## Introduction and Description of the Conspiracy

1. Catalytic converters, which are part of gasoline powered vehicles, convert toxic gases and pollutants from internal combustion engines into less-toxic pollutants. Catalytic converters are located under the vehicle near the engine exhaust manifold and contain precious metals such as platinum, rhodium, and palladium. Stolen catalytic converters have value because

of the precious metals, which can be extracted from the converters. Theft of a catalytic converter from a vehicle causes the vehicle's engine to run louder and emit more pollutants into the air.

2. Catalytic converters are an easy mark for thieves, in part, because they can be cut from a vehicle often without putting the vehicle on jacks. Once a catalytic converter is cut from its originating vehicle, it is not possible to trace because catalytic converters are marked, if at all, with only a serial number that may identify the year, make, and model of the originating vehicle.

3. In response to catalytic converter thefts, Missouri passed laws requiring that buyers of catalytic converters keep registers of each purchase. The register must contain a copy of the seller's driver's license or photo identification, the date, time and place of the sale, the seller's vehicle license plate number, and a full description of the sale, including the weight and purchase price. [Mo. Rev. Stat. § 407.300]

4. Independence, Missouri municipal law requires that a secondary metal recycler shall not purchase a catalytic converter without obtaining proof that the seller is the verifiable owner or is an employee authorized in writing to sell the catalytic converter on behalf of the owner. [Independence Code Article 19, §§ 5.19.001-005]

5. SPICK does business as J&J Recycling, 10428 East Truman Road, Independence, Missouri. In his salvage business, SPICK primarily buys and resells catalytic converters rather than other automotive parts or recyclable items.

6. Beginning in at least 2014, SPICK bought catalytic converters at his business from individuals whom he paid in cash. The cash payments attracted thieves, particularly addicts. SPICK sometimes had the sellers of the catalytic converters provide photo identification and sign a form. From at least 2014 through January 2021, the form stated, "I \_\_\_ Certify that these Catalytic converters are my property and are not stolen, now and in the future." Beginning in

2

Case 4:22-cr-00029-HFS   Document 1   Filed 02/08/22   Page 2 of 8

January 2021, the form stated, "I ___ Certify that these Catalytic converters are my property and are not stolen." Both forms had a signature line and a driver's license number line.

7. SPICK resold the catalytic converters to companies in Missouri, Texas, and Louisiana. The Texas and Louisiana companies processed the catalytic converters purchased from SPICK in their respective states to extract the precious metals.

8. From January 1, 2018, through December 31, 2021, SPICK received over $11 million from the sale of catalytic converters.

## COUNT ONE

9. Paragraphs One – Eight of this Indictment are incorporated herein by reference.

10. From at least on or about January 1, 2018, through the date of this indictment, in the Western District of Missouri and elsewhere, JAMES SPICK, the defendant, did knowingly and willfully combine, conspire, confederate and agree with others, both known and unknown to the Grand Jury, to transport, transmit, and transfer in interstate commerce goods, wares, merchandise, and money, of the value of $5,000 or more, that is, catalytic converters, knowing the same to have been stolen, converted, and taken by fraud, contrary to Title 18, United States Code, Section 2314.

## OVERT ACTS

11. In furtherance of the conspiracy and to accomplish the object of the conspiracy, one or more members of the conspiracy committed or caused to be committed at least one of the following overt acts, among others, in the Western District of Missouri and elsewhere:

   a. Counts 2-26 listed below are incorporated as overt acts of this conspiracy.

   b. SPICK withdrew cash from his bank accounts to buy catalytic converters from his customers. Per year, SPICK withdrew in cash approximately: $467,270 in 2018; $789,164 in 2019; $637,352 in 2020; and $600,000 in 2021.

c. In 2020, SPICK bought catalytic converters several times from an individual ('Individual A'). On or about May 28, 2020, the fourth sale, SPICK told Individual A that front converters were worth more than back converters on a vehicle.

d. On or about July 20, 2020, while selling catalytic converters to SPICK, Individual A told SPICK that he/she "had to take a little break, the cops are getting deadly out there." SPICK responded, "Yeah they are, you can't do anything."

e. On or about August 20, 2020, while selling catalytic converters to SPICK, SPICK told Individual A that one of the converters wasn't worth much, that he or she needed to get a bigger portion of it to make it worth more. Individual A responded, "sometimes I don't have time to do that, you got to grab and go." SPICK said, "Right." Before leaving, Individual A said, "I've got some new boosters though that are pretty good so gonna work them hard."

f. SPICK stored catalytic converters he bought from individuals in a warehouse on Television Road in Independence, Missouri until fall of 2021.

g. From January 1, 2018, through December 31, 2021, SPICK sold catalytic converters, including stolen catalytic converters, to a Kansas City, Missouri scrap company for an approximate total of $3,621,791.

h. From January 1, 2018, through December 31, 2021, SPICK sold catalytic converters, including stolen catalytic converters, to a Lee's Summit, Missouri scrap company for an approximate total of $206,084.

All in violation of Title 18, United States Code, Section 371.

## COUNTS TWO – TWENTY-SIX

12. Paragraphs One – Eight of this Indictment are incorporated herein by reference.

13. On or about the dates listed below, in the Western District of Missouri and elsewhere, JAMES SPICK, the defendant, aided and abetted by others, did unlawfully transport, transmit, and transfer and cause to be transported, transmitted, and transferred in interstate commerce from Missouri to Louisiana and Texas, stolen goods, wares, merchandise, of the value of $5,000 or more, that is, catalytic converters, knowing the same to be stolen, converted, and taken by fraud, contrary to Title 18, United States Code, Sections 2314 and 2.

| Count | Date | Amount | Interstate Transportation of Stolen Property |
|---|---|---|---|
| 2 | 07/12/2018 | $34,481 | SPICK's sale of catalytic converters to Louisiana company paid with a $7,081 check plus $27,400 cash |
| 3 | 08/14/2018 | $49,726 | SPICK's sale of catalytic converters to Louisiana company paid with $49,726 cash |
| 4 | 09/27/2018 | $34,796 | SPICK's sale of catalytic converters to Louisiana company paid with a $19,200 check and $15,596 cash |
| 5 | 10/17/2018 | $40,090 | SPICK's sale of catalytic converters to Louisiana company paid with $40,090 cash |
| 6 | 12/18/2018 | $40,853 | SPICK's sale of catalytic converters to Louisiana company paid with $40,853 cash |
| 7 | 01/04/2019 | $30,300 | SPICK's sale of catalytic converters to Louisiana company paid with a $3,320 check and $26,980 cash |
| 8 | 03/14/2019 | $92,271 | SPICK's sale of catalytic converters to Louisiana company paid with a $52,271 check plus $40,000 cash |
| 9 | 04/04/2019 | $64,250 | SPICK's sale of catalytic converters to Louisiana company paid with a $17,350 check and $46,900 cash |
| 10 | 05/09/2019 | $66,622 | SPICK's sale of catalytic converters to Louisiana company paid with $66,622 cash |
| 11 | 06/27/2019 | $53,641 | SPICK's sale of catalytic converters to Louisiana company paid with $53,641 cash |

| # | Date | Amount | Description |
|---|------|--------|-------------|
| 12 | 07/03/2019 | $38,749 | SPICK's sale of catalytic converters to Texas company paid with three cash payments in the amounts of $8,784, $25,628, and $4,337 |
| 13 | 11/08/2019 | $30,350 | SPICK's sale of catalytic converters to Texas company paid with three cash payments in the amounts of $14,415, $11,426, and $4,509 |
| 14 | 12/18/2019 | $50,280 | SPICK's sale of catalytic converters to Texas company paid with one cash payment in the amount of $50,280 |
| 15 | 01/07/2020 | $67,070 | SPICK's sale of catalytic converters to Texas company paid with one cash payment in the amount of $67,070 |
| 16 | 03/04/2020 | $49,383 | SPICK's sale of catalytic converters to Texas company paid with one cash payment in the amount of $49,383 |
| 17 | 05/19/2020 | $29,838 | SPICK's sale of catalytic converters to Texas company paid with one cash payment in the amount of $29,838 |
| 18 | 08/14/2020 | $45,388 | SPICK's sale of catalytic converters to Texas company paid with one cash payment in the amount of $45,388 |
| 19 | 08/18/2020 | $48,297 | SPICK's sale of catalytic converters to Louisiana company paid with $48,297 cash |
| 20 | 12/22/2020 | $178,369 | SPICK's sale of catalytic converters to Louisiana company paid with $178,369 cash |
| 21 | 01/21/2021 | $190,586 | SPICK's sale of catalytic converters to Louisiana company paid with a $65,586 check and $125,000 cash |
| 22 | 03/30/2021 | $181,360 | SPICK's sale of catalytic converters to Louisiana company paid with $181,360 cash |
| 23 | 05/11/2021 | $87,393 | SPICK's sale of catalytic converters to Texas company paid with one wire transfer in the amount of $87,393 |
| 24 | 07/20/2021 | $56,941 | SPICK's sale of catalytic converters to Texas company With one wire transfer in the amount of $56,941 |
| 25 | 09/14/2021 | $31,758 | SPICK's sale of catalytic converters to Texas company paid with one wire transfer in the amount of $31,758 |
| 26 | 11/23/2021 | $38,709 | SPICK's sale of catalytic converters to Texas company paid with one wire transfer in the amount of $38,709 |

## FORFEITURE ALLEGATION

14. The allegations of Counts One through Twenty-Six of this Indictment are re-alleged and fully incorporated herein for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

15. Upon conviction of an offense in violation of Title 18, United States Code, Sections 371 and 2314, as alleged in Counts One through Twenty-Six, the defendant shall forfeit to the United States: any property, real or personal, constituting, or derived from, proceeds obtained, directly or indirectly, as the result of such violation.

16. The property to be forfeited includes but is not limited to: a sum of money equal to the total amount of proceeds obtained as a result of the offenses, which may be entered in the form of a money judgment.

## SUBSTITUTE ASSETS

17. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty.

The United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), including but not limited to the following: 10428 East Truman Road,

Independence, Missouri, 64052, and more fully described as: Baker and Detray Resurvey, Lot 1 - 2, in Independence, Jackson County, Missouri, according to the recorded plat thereof.

All pursuant to Title 18, United States Code, Sections 981(a)(1)(c), and Title 28, United States Code, Section 2461(c).

A TRUE BILL.

*/s/ Kathleen Shaw*
FOREPERSON OF THE GRAND JURY

*/s/ Kathleen D. Mahoney*
Kathleen D. Mahoney
Assistant United States Attorney


*/s/ Nicholas Heberle*
Nicholas Heberle
Assistant United States Attorney


Dated: 2/8/2022
Kansas City, Missouri

8